Coleman v. Hunter 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00317-CV







James H. Coleman, Mike Prewitt, Capital of Texas Properties, Inc., 


and C/S Twin Rock Joint Venture, Appellants



v.



Douglas O. Hunter and Bernard Snyder, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 93-13777, HONORABLE MARGARET COOPER, JUDGE PRESIDING







 Appellants James Coleman, Mike Prewitt, Capital of Texas Properties, Inc., and
C/S Twin Rock Joint Venture ("Defendants") challenge a summary judgment in favor of appellees
Douglas Hunter and Bernard Snyder ("Plaintiffs"). The trial court found as a matter of law that
Defendants owed Plaintiffs commissions pursuant to an agreement between the parties. 
Defendants appeal contending, inter alia, that summary judgment was improper because Plaintiffs
failed to prove conclusively that the agreement was in effect at the time of the sale in question. 
We will reverse and remand.


FACTUAL AND PROCEDURAL BACKGROUND


 Plaintiffs and Defendants were parties to an agreement providing for a commission
to be paid to Plaintiffs in the event a company called Southwest Realty Advisors, Inc.
("Southwest") or its assignees acquired an interest in two tracts of land known as the "Twin Rock"
and "Bluffside" properties. Section 3.3 of the agreement provided additional compensation to
Plaintiffs if the Defendants performed "any additional real estate transactions with Southwest in
Austin." The final provision of the agreement, section 6.4, stated: "This agreement shall become
effective on the date when it is executed by the last of the parties to do so." Defendants signed
the agreement on September 4, 1992 (Coleman and Prewitt) and September 9, 1992 (Capital of
Texas Properties, Inc. and C/S Twin Rock Joint Venture); Plaintiffs signed the agreement on
September 22, 1992 (Snyder) and September 25, 1992 (Hunter).

 On September 18, 1992, Coleman purchased property known as the "Jollyville
tract" and that same day sold it to Property Trust of America, an assignee of Southwest. Relying
on section 3.3 of the agreement, Plaintiffs requested compensation from Defendants on the sale
of the Jollyville tract. When Defendants refused, Plaintiffs sued for breach of contract. The trial
court rendered summary judgment in favor of Plaintiffs, awarding damages of $136,825.31 plus
interest for the sale of the Jollyville tract. Defendants appeal from this summary judgment
contending, inter alia, that Plaintiffs failed to prove the agreement was in effect at the time of the
Jollyville transaction.


DISCUSSION


 A party seeking to recover upon a claim may, at any time after the adverse party
has appeared or answered, move for summary judgment. Tex. R. Civ. P. 166a(a). The movant
must establish entitlement to summary judgment on the issues by conclusively proving all essential
elements of the cause of action. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671,
678 (Tex. 1979). The applicability of a contract to a transaction is an essential element of a cause
of action for breach of contract. See Bailey, Vaught, Robertson & Co. v. Remington Invs., Inc.,
888 S.W.2d 860, 865 (Tex. App.Dallas 1994, no writ); McCulley Fine Arts Gallery, Inc. v. X
Partners, 860 S.W.2d 473, 477 (Tex. App.El Paso 1993, no writ). On appeal, we review the
propriety of a summary judgment under the standards expressed in Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 Plaintiffs have not met their summary-judgment burden of establishing, as a matter
of law, that the Jollyville transaction was covered by the contract. Plaintiffs' own summary-judgment evidence reflects that the Jollyville transaction occurred on September 18, 1992. Section
6.4 of the agreement clearly states that the "agreement shall become effective on the date when
it is executed by the last of the parties to do so." (Emphasis added.) Plaintiffs were the last of
the parties to sign the agreement--Snyder on September 22, 1992 and Hunter on September 25,
1992. Both signed after the sale of the Jollyville tract. On this evidence, it does not conclusively
appear that the Jollyville transaction was covered by the contract.

 Plaintiffs raise two arguments in an attempt to dilute the strength of this evidence. 
First, they contend that Defendants became bound when they signed the agreement and, therefore,
it applies to all transactions contemplated by the parties after Defendants signed. It is true that
parties can make a written contract and agree that it will be binding when signed by only one of
them. Rea v. Simmons & Simmons Constr. Co., 275 S.W.2d 747, 750-51 (Tex. Civ. App.San
Antonio), aff'd, 286 S.W.2d 415 (Tex. 1955). However, when a contract containing mutual
obligations has been reduced to writing in the form of a complete contract and signed by one of
the parties, this is strong proof, absent any evidence to the contrary, that the other party was also
to sign the contract before it was to become binding. Id. at 751. In the present case, the only
evidence concerning the effective date of the contract is section 6.4 itself, which states the contract
is effective when executed by the last of the parties. At a minimum, there is doubt as to whether
the parties intended to disregard the clear language of section 6.4; summary judgment is therefore
inappropriate. See Taylor v. Bonilla, 801 S.W.2d 553, 557 (Tex. App.Austin 1990, writ denied)
("Summary judgment is rarely proper when the cause involves an issue inherently for the fact-finder, such as intent.").

 Plaintiffs rely solely on Gulf Oil Corp. v. Spence & Howe Construction Co., 356
S.W.2d 382 (Tex. Civ. App.Houston 1962), aff'd, 365 S.W.2d 631 (Tex. 1963). Gulf Oil is
distinguishable on several grounds. Most significantly, the contract in question there did not
contain the express language that it would be effective only when the last of the parties executed
it. In fact, the written contract indicated that by oral agreement it was intended to cover work
commenced prior to execution by the parties. Id. at 385. Additionally, in holding that the parties
intended the contract to relate to work prior to its execution, the court relied heavily on the prior
course of dealing between the parties. Id. at 386. None of these circumstances exist here.

 Finally, Plaintiffs argue that Defendants failed to timely raise the issue of the
effective date of the contract to the trial court, thereby waiving the issue on appeal. See Tex. R.
App. P. 52(a). Plaintiffs misconstrue their own summary-judgment burden. As movants,
Plaintiffs had the burden of proof on all essential elements of the contract action, including
applicability of the agreement to the Jollyville transaction. See Clear Creek, 589 S.W.2d at 678. 
Since Plaintiffs failed to meet this burden, we sustain Defendants' third point of error. Because
this holding alone requires reversal of the summary judgment, we need not address Defendants'
other points of error or Plaintiffs' cross-points.


CONCLUSION


 We reverse the summary judgment and remand the cause to the trial court for
further proceedings.



 

 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Aboussie and Jones

Reversed and Remanded

Filed: May 31, 1995

Do Not Publish